The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion on the following questions:
 1. Is it lawful for the city Council to use city funds to build a fire station outside the city limits?
 2. If the council desires to build the fire station outside the city limits, must they pass an ordinance authorizing same, so that the citizens will have the right to a referendum?
My research indicates that a conclusive answer to your first question will require a review of the particular facts and circumstances surrounding the city's decision in this regard. Unless, however, the city is proceeding under the Arkansas Code sections involving fire insurance premium tax funds, it is my opinion that the answer is probably "no."
While there is statutory authority for fighting fires outside city limits under certain circumstances, there is no general grant of authority to construct a fire station outside the city. And it is of course well-established that municipalities have no inherent power to enact legislation, but rather are dependent upon authority granted by the Constitution and the General Assembly. See City of Fordyce v. Vaughn, 300 Ark. 554,781 S.W.2d 6 (1989). Initial consideration must be given in this regard to A.C.A. § 14-53-102 (1987), which states in relevant part:
 In order to prevent the destruction by fire of property located outside the corporate limits of cities and towns and in order to lessen the loss caused on account of insufficient means to combat fires and as a protection against such loss, the city council or other governing body of any city or town having an organized fire department may, by ordinance, provide that the fire fighting machinery and equipment, with the necessary fire fighters to operate it, may be used to combat fires beyond the corporate limits of any city or town, upon such terms, conditions, and restrictions as may be prescribed in the ordinance.
A.C.A. § 14-53-102(a).
Cities and towns may therefore authorize the use of fire fighting machinery and equipment outside corporate limits. It is my opinion, however, that while a city or town may by ordinance authorize such use, the above statute does not stand for the proposition that a city may construct a fire station outside the city. The language suggests, instead, that the city may use existing equipment for this purpose wherein it states that the governing body "may . . . provide that the fire fighting machinery and equipment . . . may be used. . . ." This reasonably has reference to the machinery and equipment that was acquired for the regular fire fighting needs within the city. See A.C.A. § 14-53-101 (1987) (requiring city council to ". . . establish fire departments and provision them with proper engines and such other equipment as shall be necessary to extinguish fires and preserve the property of the city and of the inhabitants from conflagration.") Legislative intent to authorize capital construction outside the city for fighting fires would, I believe, have to be more clearly expressed.
Your question also requires reference to A.C.A. §§14-284-401—409 (Cum. Supp. 1991 and Adv. Code Serv. 1992-93) concerning fire protection premium tax moneys. Unincorporated areas of a county may be designated for service by a municipal fire department under this legislation where there is no rural volunteer fire department or fire protection district which qualifies for funds. A.C.A. § 14-284-406 (Cum. Supp. 1991). While it is not entirely clear, it appears that a city serving an unincorporated area in that instance may be authorized to use the funds it receives from the Fire Protection Premium Tax Fund for necessary capital construction or improvements. See A.C.A. §§14-284-403, -404 and -406. This could, presumably, include construction of a fire station outside the city, depending upon the particular circumstances.
Assuming that the above premium tax funding provisions are not applicable, it is difficult to conclude that the city has general authority to build a fire station outside its corporate limits. The legislature has addressed the circumstances under which a city may fight fires beyond the city, and as noted above, this authority does not appear to include construction of capital improvements. This is a matter presumably falling within the police power of the state. As such, a city may not exercise any function or legislative power in conflict with state law. Seegenerally A.C.A. § 14-43-601 (1987). While I would suggest that this matter be referred to local counsel for a detailed review of the city's decision, I must generally conclude that such a decision would be subject to challenge.
Because it is my opinion that the answer to your first question is, generally, "no," a response to your second question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh